## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Michael Scott Stephens, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv232 (LO/TRJ) |
| | ) | |
| Peidmont Regional Jail, et al., | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Michael Scott Stephens, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983. By Order dated March 24, 2008, plaintiff's claims against the Piedmont Regional Jail ("PRJ") were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Additionally by that Order, plaintiff was informed that he had not stated a claim against the remaining named defendant, "Prison Health Service," and plaintiff was directed to particularize and amend his complaint. Plaintiff has submitted a response to the March 24 Order.[1] For the reasons that follow, the instant complaint will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.

While incarcerated in the PRJ, plaintiff was injured while working in the kitchen. The injury occurred while plaintiff was attempting to drain the kitchen's "boiler cooker pot." Plaintiff asked a kitchen staffer for a poker, and proceeded to use the poker in an attempt to unclog the pot, causing hot water to be released from the pot and burn his wrist. Plaintiff alleges that prior to his injury, he

---

[1] Plaintiff had originally named "Piedmont Regional Jail" and "Prison Health Service" as defendants in the instant action. The response to the March 24 Order, however, lists "Dr. Gordon" and "Nurse L. Companion" as defendants in this case.

had not received any training or had any safety gear. Additionally, it appears that he is claiming that a bolt in the cooker pot was not properly tightened or was improperly placed.

A kitchen staffer then took plaintiff to the PRJ's medical unit, where plaintiff was treated by a nurse who applied burn cream to the burn and wrappings to plaintiff's injury. Plaintiff states that he received unspecified pain medication that afternoon. Since that time, plaintiff has received "pain pills" and has changed the wrappings on his arm once a day. Plaintiff complains, however, that his pain "persisted" and that his numerous requests to see the nurse and the doctor have gone unanswered. Plaintiff complains further that he has not been evaluated by a doctor and that he has not been given any treatment or medicine to ameliorate the torn skin around the burned area of his arm.

## II.

In reviewing a complaint pursuant to § 1915, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when it fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, — U.S.—, 127 S.Ct. 1955, 1974 (2007).

## III.

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating

2

plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. Although plaintiff does not specify the constitutional provision or provisions violated by the events described above, liberally construed, plaintiff's pleadings may be read to suggest that jail officials: 1) failed to ensure that the boiler pot was functioning properly, 2) failed to provide plaintiff with sufficient training or safety gear, 3) failed to provide plaintiff the medical care he requested and 4) for failing to respond to the many grievances he filed. These possible claims, however, fail to state a claim for relief that is cognizable under § 1983.

<u>Claim 1 - Functioning of the Kitchen Equipment</u>

Although the Constitution does not mandate "comfortable prisons," <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981), a prisoners' placement in dangerous surroundings <u>may</u> violate the Eighth Amendment's prohibition against the imposition of cruel and unusual punishments. <u>See</u> <u>Arnold v.</u> <u>S.C. Dep't of Corr.</u>, 843 F.Supp. 110, 112 (D.S.C. 1994). To state a claim under the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain," a prisoner must show 1) a sufficiently serious deprivation and 2) that the prison official or officials acted with a sufficiently culpable state of mind, in this case, with deliberate indifference. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). Several courts considering the existence of malfunctioning or improperly maintained prison equipment have held that such conditions, even where prison officials were alleged to have known of them, did not rise to the level of a constitutional violation.

In <u>Bibbs v. Armontrout</u>, 943 F.2d 26, 26 (8th Cir 1991), an inmate working in a license plate

3

plant lost two fingers when those fingers became entangled in the gears of an "inker," from which the guards covering the gears had been removed. The prisoner plaintiff alleged a violation of the Eighth Amendment, asserting that prison officials knew of the dangerous condition of the inker and were deliberately indifferent to his safety. The court concluded, however, that plaintiff's claim amounted to a claim of negligence, a claim which is not cognizable in a § 1983 action, and dismissed the claim.

In Benson v. Cady, 761 F.2d 335 (7th Cir. 1985), an inmate alleged that prison officials failed to inspect and maintain cell beds and exercise equipment which, in two incidents, fell and injured the inmate plaintiff. The Seventh Circuit held that plaintiff's allegations were merely assertions that prison officials did not exercise due care, and not evidence of deliberate indifference to an unreasonable risk of harm posed by the inmate's physical environment needed to state a claim under the Eighth Amendment.

Finally, in Arnold v. South Carolina Dep't of Corrections, 843 F.Supp. 110 (D.S.C. 1994), an inmate plaintiff alleged that prison officials failed to repair an improperly functioning kitchen steam pot that overturned, causing hot water to severely burn and scald the plaintiff. The court determined that plaintiff, who had presented evidence that the improper functioning of the pot was "common knowledge," had presented, at best, evidence sufficient to go forward on a claim of negligence. Id. at 113. The court declined, however, to extend civil liability under the Eighth Amendment to a case of improperly functioning kitchen equipment. Such extension, the court held, "would give constitutional recognition to run-of-the-mill negligence actions." Id.

In this case, plaintiff's allegations, like the allegations raised in Arnold, Benson and Bibbs state, at best, a claim for negligent failure to ensure that the prison equipment was functioning

4

properly.  But a claim of negligence is not cognizable in a civil action under § 1983.  See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (holding that mere negligence on the part of prison officials cannot constitute a deprivation of life, liberty, or property within the meaning of the due process clause of the Fourteenth Amendment); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (prison officials' lack of due care in failing to protect an inmate from an attack by another inmate not rise to the level of a constitutional violation); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (negligent or incorrect medical treatment not actionable under § 1983); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (negligent conduct that results in a denial of access to the courts is not cognizable in a § 1983 action); Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir. 1987) (negligent failure to protect inmate from physical harm at the hands of other inmates does not violate the Eighth Amendment's prohibition against imposition of cruel and unusual punishments).  Moreover, § 1983 does not general impose liability for violations of duties of care that may arise under state law.  DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 200-03 (1989).

Further, while a claim of negligence may be actionable under Virginia law, this Court has no jurisdiction over such a claim absent supplemental or diversity jurisdiction.  However, as discussed below, since the complaint is subject to summary dismissal, the Court will decline to exercise supplemental jurisdiction over any state law claims which are suggested in the instant § 1983 proceeding.  As for diversity jurisdiction, the governing statute requires diversity of citizenship of the parties and an amount in controversy in excess of $75,000.00.  28 U.S.C. § 1332(a).  However, the amount in controversy in this case falls well below the jurisdictional minimum and plaintiff has failed to allege facts sufficient to show that the parties are completely diverse.

<u>Claim 2 - Failure to Provide Safety Gear or Training</u>

Next, plaintiff claims that jail officials failed to provide him with sufficient training in handling the cooker pot and failed to provide him with "safety gear" sufficient for that task. To state a § 1983 claim for failure to train, plaintiff must allege facts sufficient to (1) identify with particularity what prison officials failed to do that constitutes deliberate indifference and (2) demonstrate a close causal link between the alleged failure and the alleged injury. <u>See, e.g., Sample v. Diecks</u>, 885 F.2d 1099, 1188 (3d Cir. 1989). As the Supreme Court has stated, the "inadequacy of ... training may serve as a basis for [§] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [official] ... come[s] into contact." <u>City of Canton v. Harris</u>, 489 U.S.378, 388 (1989). Plaintiff utterly fails to meet this standard. As an initial matter, he fails to identify with specificity how jail officials failed to provide training or what "safety gear" they failed to provide. Moreover, the complaint does not allege facts sufficient to show a causal link between any alleged failure to train or failure to provide such gear and plaintiff's injuries. As such, claim 2 fails to state a § 1983 claim.

<u>Claim 3 - Failure to Provide Medical Care Requested</u>

In claim 3, plaintiff asserts that jail officials failed to provide him with requested medical care. To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976); <u>Staples v. Va. Dep't of Corr.</u>, 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that medical need. Under this second prong, an assertion of mere

6

negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). Questions of medical judgment, however, generally are not subject to review and mere disagreements between an inmate and the medical staff concerning the proper course of treatment do not state a claim upon which relief can be granted. <u>Russell v. Sheffer</u>, 528 F.2d 318, 318 (4th Cir. 1975).

In this case, after plaintiff was burned, he was taken to the jail's medical unit and received treatment. The nurse applied burn cream to plaintiff's wounds, wrapped the wounds, and gave plaintiff medication for the pain. Plaintiff was also given "pain pills" and has changed the wrappings on his wound once a day. Although plaintiff complains that his unspecified pain has persisted, that he was not evaluated by a doctor, and that his subsequent requests to be evaluated by medical staffers went unanswered, such allegations do not state a § 1983 claim because such assertions do not show that jail officials were deliberately indifferent to his medical needs. At best, claim 3 presents a claim that jail officials failed to provide plaintiff with medical care that plaintiff thought was necessary for his wrist. But such a claim presents, at best, only a disagreement with jail officials about the proper course of treatment, and, as noted above, such a claim does not state a claim for which relief can be granted in this § 1983 proceeding. As such, claim 3 will be dismissed for failure to state a claim.

<u>Claim 4 - Failure to Respond to Grievances</u>

Finally, plaintiff asserts that jail officials failed to respond or failed to respond properly to the many grievances he filed. The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4 Cir. 1994); <u>Mitchell v. Murray</u>, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance

7

procedure confers no substantive rights upon jail or prison inmates, a jail official's failure to comply with an institution's grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F.Supp. at 294. Therefore, even if jail officials failed to resolve plaintiff's grievances in accordance with the jail's grievance protocol or failed to respond to those grievances at all, such allegations do not state a claim for which relief can be granted under § 1983. Accordingly, this claim will be dismissed for failure to state a claim.

## IV.

For the foregoing reasons, plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the instant complaint will be dismissed. An appropriate Order shall issue.

Entered this _____ day of _____ 2008.

Alexandria, Virginia

/s/

Liam O'Grady
United States District Judge

8